REQUESTED BY: Les Tyrrell, Director Nebraska Real Estate Commission
You have asked that we supplement a prior legal opinion with regard to the effect, if any, of the notification provisions of the Sex Offender Registration Act on the Commission's enforcement of existing statutes and regulations concerning disclosure of adverse material facts and the Commission's adoption of new regulations on the subject. In Op. Att'y Gen. No. 98051 (December 7, 1998), we answered your questions with the understanding that the Commission was primarily concerned with the potential duty of a seller's agent to disclose certain adverse material facts to a potential buyer. In your most recent request, you have asked that we specifically address the same questions with respect to the duty of a buyer's agent to his own client, a seller's agent to his own client, and a dual agent to his or her client. Our conclusions and recommendations remain basically the same.
Your first question is whether actual knowledge concerning a registered sex offender, gained by a real estate licensee through the notification provisions of LB 204, constitutes or may constitute an adverse material fact under existing law. We are answering your questions in the context of the Commission's authority to regulate and discipline licensees and will not address the potential liability of licensees to third parties. As stated in our previous opinion, the term "adverse material fact" is defined at Neb. Rev. Stat. § 76-2403 (1996) as a fact which either significantly affects the value of the property for sale or establishes a reasonable belief that a party will not complete the transaction being contemplated. We also note that the statute defines "adverse material fact" as "a fact not reasonably ascertainable or known to a party." Therefore, when the Legislature set forth the duties of a seller's agent to the seller at Neb. Rev. Stat. § 76-2417(1)(c)(iii) to include "disclosing in writing to the client all adverse material facts actually known by the licensee" we assume that the Legislature did not mean informing the seller about his own property, but rather informing the seller about the potential buyer's ability to complete the transaction. Actual knowledge of a registered sex offender would not be at issue.
The pertinent statute with respect to the duty of a buyer's agent to the buyer is Neb. Rev. Stat. § 76-2418(1)(c)(iii) which requires disclosure "in writing to the client [of] adverse material facts actually known by the licensee." This would seem to include those adverse material facts concerning a property listed for sale and the seller's ability to complete the transaction. However, whereas the Legislature furnished a list of examples of adverse material facts to be disclosed by a seller's agent to a buyer at Neb. Rev. Stat. § 76-2417(3)(a), there is no such indication of the Legislature's intent as to the duty of a buyer's agent. Where, as in this case, there is simply no indication of legislative intent and no relevant Nebraska case law, we have no clear answer to your first question. We can note that, on the occasion the Legislature did consider the type of adverse material facts to be disclosed to a buyer at (§76-2417(3)(1)), it listed factual circumstances relating to the property itself and not circumstances pertaining to the surrounding neighborhood. Therefore, it is certainly questionable whether the adverse material facts which must be disclosed by a buyer's agent to a buyer extend to neighborhood circumstances. We reach the same conclusion with regard to the duty of a dual agent. See Neb. Rev. Stat. § 76-2419.
With regard to questions 2, 3 and 4 of your opinion request, we refer you to our previous opinion of December 7, 1998, as our answers remain the same. As we stated in our previous opinion, it appears doubtful that regulations regarding the disclosure of area sex offenders would be deemed consistent with the intent of the Legislature as expressed in the above-referenced statutes and we conclude the better answer is that the Commission lacks clear authority for such regulations. We also again note a potential conflict with the intent of LB 204 which lends support to our conclusion that the Commission lacks clear authority to promulgate regulations requiring the disclosure of the location of sex offenders.
Sincerely,
 Don Stenberg Attorney General
 Lynn A. Melson Assistant Attorney General
Approved:
Don Stenberg 
Attorney General